Johnson, Murphy & Co. *v.* Brown.

[*Special Term, April,* 1871.]

### JOHNSON, MURPHY AND CO. *v.* S. B. BROWN.

In a contract for the sale and delivery of fifty thousand pounds of shoulders, at nine cents per pound, by the defendant to the plaintiffs, option of delivery either in Cincinnati or Chicago, during four months, it was agreed that five hundred dollars was to. be the limit of loss on either side, which the defendant deposited in bank to abide the result of the contract; and it was also understood by both parties that the defendant did not have the pork and that it was not to be delivered, the contract being a mere wager. On suit for breach of the alleged contract by defendant, for refusing to deliver the pork:

*Held,* on demurrer to the answer setting up these facts, that it contained a good defense.

*J. G. & H. Douglass,* for plaintiffs.

*Matthews & Ramsey,* for defendant.

HAGANS, J.  The suit is brought for the breach of a written contract made in the city of Chicago, by which the defendant sold to the plaintiffs fifty thousand pounds fully cured, dry salted and merchantable shoulders, at the price of nine cents per pound—delivery at the option of the defendant during four months from the 2d April, 1870, either in Cincinnati or Chicago.  The plaintiffs allege that they were always able, ready, and willing to perform the contract and receive said shoulders.  They allege that defendant has refused to perform, though they have tendered the money, and ask $1,625 damages and interest.

The defendant answers, first, that at the date of said contract, the defendant did not have fifty thousand pounds of the described shoulders, and that it was well understood by both parties that the same were. not to be delivered, the contract being a mere wager as to price, to be adjusted by the payment of money by the party upon whom the loss should fall, and that $500 should be the limit of loss on either side,

which sum defendant has deposited in the Third National Bank of Chicago to abide the result of the pretended contract, and that he has not since received the same from said bank.

To this answer the plaintiffs demur.

The transaction detailed in the pleadings seems to be one of the favorite amusements of men who carry into what ought to be a strictly commercial dealing a species of gambling. It is, in fact, simply betting that the market price of any article will be so much at a given time. Such transactions are not, and ought not to be, tolerated by the courts. Our statute (1 S. & C. 664, expressly declares that all promises and agreements founded on any wager shall be absolutely void.

The demurrer admits the nature of the contract sued on to be such, and must be overruled.